# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Abel Chavez, | No. CV-24-00743-PHX-GMS |
| Petitioner, | **ORDER**<br>**and** |
| v. | **DENIAL OF CERTIFICATE OF**<br>**APPEALABILITY AND IN FORMA** |
| Ryan Thornell, et al., | **PAUPERIS STATUS** |
| Respondents. | |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 18) regarding Petitioner Adam Chavez's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Court (i) deny Grounds 1, 13, 14, 15, 17, 18, 19, 26, 27, 28, 29, 31, 33, and 36; (ii) dismiss Grounds 7 and 9 as not cognizable; and (iii) dismiss Grounds 2, 3, 4, 5, 6, 8, 10, 11, 12, 16, 20, 21, 22, 23, 24, 25, 30, 32, 34, 35, and 37 as procedurally defaulted. (Doc. 18 at 36). The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (*Id.* at 37 (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). Petitioner filed objections on February 27, 2025 (Doc. 21) and Respondents filed a reply on March 17, 2025 (Doc. 25).

The Court has considered the objections and reply and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the R&R to which specific objections are made).

The parties are familiar with the facts so this Order will not reiterate the Background as set forth in the R&R. (Doc. 18 at 2-3).

**DISCUSSION**

In his objections, Petitioner challenges the Magistrate Judge's recommended denials of an evidentiary hearing and of 35 of his 37 grounds for habeas relief.[1] He asserts that he is entitled to such relief under 28 U.S.C. § 2254(d), which allows the Court to grant a writ of habeas corpus on any claim adjudicated on the merits in state court proceedings if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts." This standard is applied to "the 'last reasoned decision' by a state court," *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004) (quoting *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)), and is highly deferential to that decision. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). For the following reasons, the Court accepts the R&R and denies the petition.

**I.     Objections Insufficient to Trigger De Novo Review**

As an initial matter, Petitioner's objections to the legal standards set out by the Magistrate Judge and to Grounds 1, 7, 9, 26, 27, 28, 29, 31, 33, and 36 are insufficient to trigger de novo review of these portions of the R&R. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 141 (1985) (holding that, in the absence of a specific objection, a district judge need not perform "any review at all"). The Court briefly addresses Petitioner's objections and accepts the R&R as to these Grounds.

Most of these objections concern the R&R's analysis of ineffective assistance of counsel under the standard established by *Strickland v. Washington*, 466 U.S. 688 (1984). Specifically, Petitioner (1) argues that the Magistrate Judge erred by making any findings specific to *Strickland* and (2) attempts to relitigate his claims rather than lodging objections to the R&R.

---

[1] Petitioner concedes that Grounds 2 and 6 were appropriately denied because the Arizona Court of Appeals "expressly stated" that these grounds were waived. (Doc. 21 at 35-36).

First, Petitioner misconstrues (*see, e.g.*, Doc. 21 at 5, 21) the proposition that a federal habeas court may not perform a de novo review of a state court's *Strickland* analysis and instead must determine "whether the state court's application of the *Strickland* standard was unreasonable" which is "different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). As will be discussed below, *Richter* mandates deference to state courts, such that the federal court cannot freely substitute its own reasoning for that of the state court. *Id.*; *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Contrary to Petitioner's assertion that the Magistrate Judge erred by discussing the merits of the underlying *Strickland* analysis, *Richter* does not prevent the district court from doing so because such discussion does not amount to de novo review. *Richter*, 562 U.S. at 101. Indeed, Petitioner's interpretation of *Richter* would prevent meaningful review of *Strickland* decisions in any habeas proceeding: it would be impossible for federal habeas courts to determine whether the substance of the state court's *Strickland* analysis was unreasonable without the ability to discuss the underlying issues. As such, Petitioner's objections that rely on this meritless argument—part of his objection to Ground 19[2] (Doc. 21 at 16-17) and the entirety of his objections to the legal standards set forth by the Magistrate Judge (*id.* at 4), to Ground 26[3] (*id.* at 17-18), and to Ground 29[4] (*id.* at 21)—fail to raise any cognizable objection that would trigger de novo review and are overruled.

Second, Petitioner fails to trigger de novo review of Grounds 1, 7, 9, 27, 28, 31, 33, and 36, because he relies entirely on arguments that he has already raised about the underlying state proceedings without making any specific objection to the bases for the R&R's findings on these Grounds. Grounds 1, 27, 28, 31, 33, and 36[5] again concern

---

[2] Ground 19 alleges ineffective assistance of counsel regarding jury instructions on causation. (Doc. 21 at 15-17).

[3] While Petitioner generally objects to the R&R's "categorization" of trial counsel's performance in arguing a motion in limine on other acts evidence, Petitioner's objections on Ground 26 rely wholly on his misreading of *Richter*. (*Id.* at 17-18).

[4] Petitioner's objection to Ground 29 challenges the R&Rs findings regarding the admission of extraneous evidence at his trial based on the "legal error" of the Magistrate Judge in not applying his interpretation of *Richter*. (*Id.* at 20-22).

[5] Petitioner alleges ineffective assistance of counsel due to: a conflict of interest (Ground 1); trial counsel's stipulations that Petitioner was a convicted felon and prohibited

ineffective assistance of counsel.  He makes broad, conclusory objections to the R&R's findings on Ground 1 as "categorically wrong" (Doc. 21 at 6); on Grounds 27 and 31 as an improper "categorizing" of his counsel's strategy (*id.* at 18); and on Ground 28 as having "no basis in state law" (*id.* at 19).  As to Grounds 33 and 36, Petitioner's objections are simply that the state court's findings under state law were wrong.  (*Id.* at 22-24).  But Petitioner makes no argument specific to the R&R.  (*Id.* at 5-7, 18-20, 22-24).  Rather, his only support for these sweeping objections are mere recitations—and, frequently, directly copied excerpts of—arguments that he made in his Petition for Post-Conviction Relief, Petition for Review to the Arizona Court of Appeals, or Reply in Support of his Petition for Habeas Relief.  (*Id.* at 5-7 (quoting Doc. 11-2 at 148); *id.* at 18-19 (quoting Doc. 11-2 at 128; Doc. 14 at 83-84); *id.* at 19-20 (citing Doc. 11-2 at 28-31, 128-31; Doc. 14 at 83-85); *id.* at 22-23 (quoting Doc. 11-2 at 32-33); *id.* at 23-24 (quoting Doc. 14 at 98-99)).  These arguments, made *prior* to the R&R and considered therein, cannot be considered specific objections to the R&R.

Petitioner's objections to the Magistrate Judge's findings on Grounds 7 and 9[6] suffer the same deficiencies.  (*Id.* at 24-28).  He attempts to relitigate the state court's decisions under the Arizona Rules of Criminal Procedure, again citing irrelevant case law and his own past arguments (*id.* (citing Doc. 11-2 at 6-10, 111-15, 141-44; Doc. 14 at 38; Doc. 17-1 at 9-11)) rather than addressing the Magistrate Judge's finding that these grounds are not cognizable in federal habeas.  (Doc. 18 at 26-27 (quoting *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989))).  Thus, Petitioner's conclusory objections to Grounds 7 and 9 are not specific to the R&R.

---

possessor (Grounds 27 and 31); and counsel's failure to request a severance of charges (Ground 28); trial counsel's strategy of presenting an insufficiency defense (Ground 33); and trial counsel's presentation of a new defense during closing argument (Ground 36). (Doc. 21 at 5-7, 18-20, 22-24).
[6] In Ground 7, Petitioner alleges that the state trial court denied him due process by denying a hearing on his Post-Conviction Review ("PCR").  (*Id.* at 24). In Ground 9, Petitioner alleges that the state trial court violated his federal constitutional rights by ruling that his as-applied challenge to the felony murder rule could not be raised in PCR proceedings. (*Id.* at 28).

Accordingly, Petitioner has failed to make specific objections that are sufficient to trigger de novo review of the legal standards set out by the Magistrate Judge or to Grounds 1, 7, 9, 26, 27, 28, 29, 31, 33, and 36. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court further finds that the portions of Petitioner's objections to Grounds 13, 14, 15, 17, 18, 19, and 33 that allege an "unreasonable determination of the facts" without any accompanying analysis (Doc. 21 at 11, 13, 15, 17, 23) are conclusory and lack sufficient specificity to trigger de novo review. Therefore, the Court accepts the R&R's recommendation that Grounds 1, 26, 27, 28, 29, 31, 33, and 36 be denied and that Grounds 7 and 9 be dismissed.

## II.    Remaining Objections

### A.    Objection to Footnote 1

Petitioner objects to the Magistrate Judge's recommendation that habeas relief should be denied without an evidentiary hearing. (Doc. 21 at 4). In habeas cases involving violations of federal rights in state court proceedings, a state court's findings of fact are "presumed to be correct" absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Though the Court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief," its consideration is bounded by "the deferential standards prescribed by § 2254." *Landrigan*, 550 U.S. at 474. As such, "an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (1998) (citing *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994)). As discussed below, the Court agrees with the R&R: because Petitioner provides no colorable claims for relief, there are no grounds for an evidentiary hearing under § 2554's standards. The R&R did not err in its recommendation; this objection is overruled.

### B.    Ineffective Assistance of Counsel

Petitioner objects to the R&R's recommendations that he should be denied relief under § 2254(d) on Grounds 13, 14, 15, 17, 18, and 19, claiming that the state court

- 5 -

unreasonably applied *Strickland*.  Because Petitioner misconstrues *Strickland* and federal habeas courts' review of state court decisions which rely on state law issues, his objections are overruled.

### 1.  Legal Standard

Under *Strickland*, "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003).  Under the first prong, a defendant must show that a counsel's representation falls "below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688.  Reasonableness is assessed "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).  Indeed, there is a "strong presumption that counsel's performance falls within the 'wide range of . . . professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689).

With respect to the second prong, "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Richter*, 562 U.S. at 111 (quoting *Strickland*, 466 U.S. at 696).  "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111–12 (quoting *Strickland*, 466 U.S. at 693, 697).  "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112 (citing *Strickland*, 466 U.S. at 693).

Additionally, in the context of habeas relief, a federal court's review of *Strickland* claims is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 1123 (2009)).  In other words, the state court's decision on a petitioner's *Strickland* claims is subject to another level of deference. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002) ("[U]nder § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly").  Indeed, to succeed on the merits of an IAC claim under

§ 2254(d)(1), a petitioner must make the additional showing that the state court's ruling that counsel was not ineffective constituted an unreasonable application of *Strickland*. 28 U.S.C. § 2254(d)(1); *Murray v. Schriro*, 882 F.3d 778, 835 (9th Cir. 2018).

Moreover, where the state court's application of *Strickland* was dependent upon a state law issue, "the state's construction of its own law is binding on the federal court." *Horton v. Mayle*, 408 F.3d 570, 576 (9th Cir. 2005) (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Thus, even assuming that there was an "error[] of state law," such errors "do not concern" federal habeas courts "unless they rise to the level of a constitutional violation" or are "untenable." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399-1400 (9th Cir. 1989).

### 2.    Application

Like his substantive arguments on these Grounds, Petitioner's objections on Grounds 13, 14, 15, 17, 18, and 19 rely on his claim that the state court's analysis of *Strickland* could not have been reasonable because the state court did not properly apply underlying Arizona law when considering his trial counsel's failure to research and understand Arizona's felony murder law (Grounds 13, 14, and 15); and failures regarding the admissibility of evidence under the Arizona Rules of Evidence, including expert testimony (Grounds 17, 18, and 19). (Doc. 21 at 5, 7-16, 19-22). Despite Petitioner's repeated assertions to the contrary (*see, e.g.*, *id.* at 8, 11, 13),[7] this Court is bound by the Arizona appellate court's decisions regarding applicable Arizona law. So bound, the Court has no basis to find that the state court's application of *Strickland* was unreasonable.

As an initial matter, Petitioner's objections misconstrue *Strickland*, which considers the law at the time that counsel's alleged errors occurred, *not* at the time that the *Strickland* analysis itself is performed. Petitioner's objections depend on his contention that the R&R should have found that the Arizona court's *Strickland* analysis was unreasonable because

---

[7] Yet Petitioner asserts elsewhere that "a state's construction of its own law controls when the validity of the ineffective-assistance claim turns on state law." (*See, e.g.*, Doc. 21 at 18).

it did not properly consider Arizona's proximate cause requirement for felony murder, "in light of" *State v. Aragon*, 505 P.3d 657, 252 Ariz. 525 (Ariz. 2022).  (Doc. 21 at 5, 7-10, 12-17).    Even though the Arizona Supreme Court decided *Aragon* six years after Petitioner's trial, he argues that the state appellate court's failure to consider *Aragon* as binding precedent in its *Strickland* analysis or to remand to the trial court so that the trial court could consider *Aragon* rendered its *Strickland* decision unreasonable.

Petitioner insists that his arguments do not rely on *Aragon* because that case merely summarized "all of the applicable principles of causation law in one decision," which were "well settled at the time of his prosecution."  (*See, e.g.*, *id.* at 9).  Elsewhere, however, he argues that in *Aragon*, "the Arizona Supreme Court . . . repudiated every ruling appertaining to the law of causation" and that he made substantive arguments to the state court of appeals regarding causation, labelling *Aragon* as "instructive and control[ing]." (*Id.* at 8-9, 14).  As noted above, the last reasoned state court decision guides the federal habeas court's analysis of the habeas petition, and Petitioner's arguments to that court were made in reliance on *Aragon*.  (*See, e.g.*, Doc. 17 at 5 (describing Petitioner's use of *Aragon* in his petition for review to the Arizona Court of Appeals)).  Petitioner claims that *Aragon* broke no "new ground" (Doc. 21 at 8), but he offers no authority in support of this proposition and does not argue that, if considered, it would have led to a different outcome in the state court's *Strickland* analysis.  *McGuire*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Further, Petitioner provides no basis for the Court to reexamine the state court's determinations under state law; other than broad statements that the state court's decisions should have come out the other way, Petitioner makes no non-conclusory argument that the alleged errors amounted to a constitutional violation or were untenable. (*See, e.g.*, Doc. 21 at 19-22).

In sum, Petitioner's arguments regarding Grounds 13, 14, 15, 17, 18, and 19 are reducible to arguments regarding trial counsel's hypothetical performance in a hypothetical

remanded proceeding in which *Aragon* would control the substantive law of his case and inform the trial court's application of the rules of evidence.  Petitioner's objections misconstrue *Strickland* and rely on challenges binding state law determinations which cannot be upset here.  Petitioner thus cannot show that the state court's application of *Strickland* was unreasonable.  His objections, like the arguments they echo, are meritless.

Accordingly, the Court accepts the R&R's recommendation that Grounds 13, 14, 15, 17, 18, and 19 be denied.

### C.    Procedural Default

Petitioner objects to the Magistrate Judge's recommendations that Grounds 3, 4, 5, 8, 10, 11, 12, 16, 20, 21, 22, 23, 24, 25, 30, 32, 34, 35, and 37 are procedurally defaulted. (*Id.* at 28-43).  As to Grounds 3, 5, 10, 11, 12, 16, 20, 23, 24, 25, 30, 32, 34, 35, and 37, he objects to the R&R's findings that he failed to fairly present federal claims to the appropriate state court.  (*Id.* at 29-32).  As to Grounds 4, 8, 21, and 22, Petitioner objects to the Magistrate Judge's findings that the federal claims underlying these Grounds were waived in state court.  (*Id.* at 34-40).

### 1.    Legal Standard

A petitioner is required to exhaust his claims in state court before bringing them in a federal habeas action.  28 U.S.C. § 2254(b)(1)(A). In this context, exhaustion requires a petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  In Arizona, a petitioner is required to "fairly present" all claims he seeks to assert in his habeas proceeding first to the Arizona Court of Appeals either through direct appeal or the state's post-conviction relief proceedings. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

To fairly present claims to the appropriate state court, a petitioner must describe the operative facts and the federal legal theory that supports the claim. *Baldwin v. Reese*, 541 U.S. 27, 29, 31 (2004); *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam). The petitioner must alert the state court to the federal nature of the right he claims; broad

appeals to constitutional concepts are insufficient. *See Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996) (mention of federal rights in the course of arguing that petitioner was harmed by error in state evidentiary decision is insufficient to constitute fair presentation); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."). For example, mere "similarity to the issues raised in state court" will not constitute fair presentation. *Zenon*, 88 F.3d at 830. In other words, "[e]xhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).

If a federal claim has not been fairly presented, the habeas court must determine whether state remedies are still available for the petitioner; if not, those claims are procedurally defaulted.[8] *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (holding that a federal court may find that a petitioner has suffered a procedural default if the petitioner failed to present the claim to the state court, and "it is clear that the state court would hold the claim procedurally barred" (quoting *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002)).

A petitioner can also suffer a procedural default if the state court rejected the claim not on the merits, but by relying on an "adequate and independent" state law ground to find that the claim is waived. *Poland v. Stewart*, 169 F.3d 573, 585 (9th Cir. 1999) (quoting *Wood v. Hall*, 130 F. 3d 373, 376 (9th Cir. 1997)); *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). To be "adequate," a state law ground must be "'firmly established and regularly followed' at the time it was applied by the state court." *Poland*, 169 F.3d at 585 (quoting *Ford v. Georgia*, 498 U.S. 411, 424 (1991)). To be independent, the state law ground cannot be "interwoven with federal law or dependent upon a federal constitutional ruling." *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

---

[8] Petitioner does not object the Magistrate Judge's findings that there are no longer state remedies available for the claims he failed to fairly present. (*See* Doc. 21 at 28-37). As such, the Court does not review these findings for Grounds 3, 5, 10, 11, 12, 16, 20, 23, 24, 25, 30, 32, 34, and 35. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Under this standard, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez*, 566 U.S. at 9-10. Rather, a federal habeas court will accept the state court's procedural ruling and find the claim defaulted. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002). For example, Arizona's Rule 32.2(a)(3)[9] is an independent and adequate state law procedural bar which precludes federal habeas review. *Id.* at 860-61 (citing Ariz. R. Crim. P. 32.2(a)(3)). As such, Petitioner acknowledges that Rule 32.2(a)(3) is "consistently applied and well-established." (Doc. 21 at 38).

A petitioner can overcome a procedural default, but only if he can demonstrate (1) cause for his failure to comply with state rules and actual prejudice or (2) in the very rare instance, that a miscarriage of justice would occur. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004). "Cause" means "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Even with cause, a petitioner must further show "prejudice" or that the supposed constitutional error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Finally, a miscarriage of justice is shorthand for a situation "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke*, 541 U.S. at 393 (quoting *Murray*, 477 U.S. at 496).

### 2. Application

#### a. Fair Presentation

Petitioner objects to the Magistrate Judge's findings that he failed to fairly present his federal claims to the Arizona Court of Appeals on direct appeal for Grounds 10, 11, 12,

---

[9] This rule provides that a petitioner's failure to bring an available claim during trial, on appeal, or in a prior post-conviction proceeding will constitute waiver of that claim, unless "the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant." Ariz. R. Crim. P. 32(a)(3).

23, 24, 25, 30, 34, and 35,[10] and on appeal from the trial court's denial of his PCR Petition for Grounds 3, 5, 16, 20, 32, and 37.[11]  (Doc. 21 at 28-34).

In support of these objections, he either excerpts or cites his arguments made to the appellate court in an effort to demonstrate that they fairly represented the federal issues to the state courts, but in doing so, highlights his failures.  (*Id.* at 34).   Though Petitioner made some mention of federal standards and listed some operative facts, he did not apply *those* standards to *those* facts in his arguments to the Arizona Court of Appeals.[12]  (Doc. 11-1 at 23-28, 33-34, 39, 48-49, 56, 61-62, 74-75; Doc. 11-2 at 145-46).  And one of his claims—Ground 34—makes no citation to federal law whatsoever.  (Doc. 21 at 31; Doc. 11-1 at 73-74).  As noted, "general appeals" to constitutional principles do not exhaust claims later brought under those principles.  *Hiivala*, 195 F.3d at 1106.  And even where citations to federal law are provided, these citations do "not alert" the state court "to the presence of a federal claim" in the absence of substantive arguments which would allow the appropriate court to consider the operative facts under federal standards.  *Reese*, 541 U.S. at 29, 31-32.  Indeed, the Arizona Court of Appeals is not expected to "read beyond a petition or a brief" in search of a federal claim not fully and fairly presented to it.  *Id.* at 32.

Finally, because Petitioner failed to fairly present these claims to the Arizona Court of Appeals on direct appeal or in his PCR proceedings, the Arizona Rules of Criminal

---

[10] In these Grounds, Petitioner alleges that his rights were violated under the Fifth, Sixth, and Fourteenth Amendments by the trial court's preclusion of defense evidence and jury instructions on proximate cause (Grounds 10 and 11); flawed jury instructions regarding the burden of proof (Ground 12); treatment of firearm operability into an affirmative defense after trial counsel's closing statement (Ground 23); failure to grant judgment of acquittal due to insufficiency of evidence (Ground 24); admission of prior felony flight (Ground 25); admission of convicted felon status (Ground 30); admission of evidence of possession of ammunition and unregistered firearms  (Ground 34); and admission of evidence regarding search warrant procedures, including judicial approval (Ground 35). (Doc. 18 at 29-30).
[11] In these Grounds, Petitioner alleges ineffective assistance of counsel for waiving defendant's presence during a hearing (Ground 3); failing to reopen closing arguments and request a mistrial (Ground 5); failing to provide notice of a proximate cause defense (Ground 16); failing to move for a directed verdict (Ground 20); failing to request appropriate jury instructions on other act evidence (Ground 32); and cumulative ineffective assistance (Ground 37).  (Doc. 18 at 31-32).
[12] Whether Petitioner presented federal claims at the trial court level (Doc. 21 at 33) is irrelevant to the issue of fair presentation; as noted above, an Arizona petitioner must specifically and "fairly present" all claims to the Arizona Court of Appeals to exhaust those claims in state court.  *Swoopes*, 196 F.3d at 1010.

Procedure would preclude these claims, such that they cannot be exhausted in state court. *Coleman*, 501 U.S. at 735 n.1. Accordingly, Grounds 3, 5, 10, 11, 12, 16, 20, 23, 24, 25, 30, 32, 34, 35, and 37 are procedurally defaulted.

### b. Grounds Held Waived Under Arizona Rules

As to Grounds 4, 8, 21, and 22,[13] Petitioner objects to the Magistrate Judge's findings that the underlying federal claims were held waived during his state court proceedings, and, therefore, are procedurally barred.[14] (Doc. 21 at 37-40).

First, as to Ground 4, Petitioner objects to the Magistrate Judge's finding that Arizona's fundamental error review did not exhaust his claim that the trial court should have *sua sponte* declared a mistrial despite Petitioner's failure to object during trial. (Doc. 21 at 32). He claims that the appellate court's decision finding that this objection was waived did not "clearly and expressly" rely on a state procedural bar. (*Id.* at 35 (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)). To the contrary, the state court explicitly relied on "fundamental error" review—triggered by Petitioner's procedural failure to request a mistrial during trial—and Arizona caselaw without considering the merits of whether Petitioner's rights were violated. (Doc. 1-1 at 14). "'Fundamental error,' a matter of Arizona law, is 'an appellate mechanism for considering and ruling on issues which were not presented to the trial court.'" *Castillo*, 399 F.3d at 1003 (quoting *Villafuerte v. Lewis*, 75 F.3d 1330, 1335 (9th Cir. 1996)). The "state court declined to hear" Petitioner's mistrial claims because he "failed to abide by a state procedural rule" for raising such objections; these independent and adequate state law grounds now preclude federal habeas review of Petitioner's arguments in support of Ground 4. *Martinez*, 566 U.S. at 9-10.

---

[13] In these Grounds, Petitioner alleges that the trial court violated his constitutional rights by not granting him a mistrial (Ground 4); Arizona's felony murder statute, as-applied, is unconstitutional (Ground 8); his due process rights were violated because the prosecution was not required to prove proximate cause (Ground 21); and that the State Court of Appeals violated the Arizona Rules of Criminal Procedure by treating his insufficiency of the evidence claim, asserted under Rule 32.1(h), as a constitutional claim under Rule 32.1(a), which must be alleged on direct appeal. (Doc. 21 at 36-40).

[14] Defendant's general objections to the practical effects of Arizona's PCR procedures will not be considered. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Second, as to Grounds 8, 21, and 22, Petitioner insists that he was not required to raise these constitutional claims on direct appeal, and therefore, could not have waived them. (Doc. 21 at 39). Although Petitioner is correct that he is not "required" to raise constitutional claims on direct appeal, he makes no argument that he *could not* have brought these claims on direct appeal. (*Id.* at 37-40). Indeed, the fact that he *could* have brought the claims underlying Grounds 8 and 21 but failed to do so was the basis for the Arizona trial court's finding of waiver during Petitioner's PCR Proceedings, as affirmed by the court of appeals. (Doc. 1-3 at 2). It was also the basis for the decision of the state court of appeals to find that the claims underlying Ground 22 were waived. (Doc. 1-4 at 6).

The state trial court held that the claims underlying Grounds 8 and 21 were waived under Rule 32.2(a)(3) with no discussion of their merits. (Doc. 1-3 at 2). As noted above, Rule 32.2(a)(3) provides that a petitioner's failure to previously raise a claim that *could* have been raised constitutes waiver, which provides an adequate and independent procedural bar that precludes federal habeas review of the waived claim. *Stewart*, 536 U.S. at 860. Grounds 8 and 21 are procedurally barred from federal habeas review. *Id.*

As to Ground 22, the state court of appeals explicitly stated that Petitioner's "claim of insufficient evidence is precluded based on Chavez's failure to raise it on appeal," citing Rule 32.2(a)(3). (Doc. 1-4 at 6). And Petitioner indeed did not raise this claim on direct appeal. (Doc. 1 at 38). Like the trial court on Grounds 8 and 21, the court of appeals thus relied upon an adequate and independent state ground for denying review. *Stewart*, 526 U.S. at 860. Petitioner objects to this conclusion in the R&R and to the Magistrate Judge's finding that he "conceded" to waiver. (Doc. 18 at 34; Doc. 21 at 38). In furtherance of this objection, he renews his argument that the state appellate court improperly applied Arizona's Rules of Criminal Procedure. (Doc. 21 at 38). But the Court has no jurisdiction to question the Arizona court's application of its own rules of procedure. *Poland*, 151 F.3d at 1018. Thus, the Magistrate Judge was correct to accept the state court's finding that

Petitioner's claims were waived under Rule 32.2(a)(3), precluding federal habeas review of Ground 22.

Even taking Petitioner's arguments about the application of Arizona's procedural rules as an argument that his default should be excused for Ground 22, he makes no argument as to actual prejudice or miscarriage of justice for any of the Grounds which the Magistrate Judge identified as defaulted and instead relies on conclusory references to these principles. (Doc. 21 at 43). The R&R was correct in its determination that Petitioner has no excuse for his procedural defaults. (Doc. 18 at 35-36).

Accordingly, Grounds 3, 4, 5, 8, 10, 11, 12, 16, 20, 21, 22, 23, 24, 25, 30, 32, 34, 35, and 37 are procedurally defaulted without excuse and are dismissed.

**CONCLUSION**

The Court thus accepts the recommended decision within the meaning of Fed. R. Civ. P. 72(b) and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

Accordingly,

**IT IS ORDERED** that the Report & Recommendation of the Magistrate Judge (Doc. 18) is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Clerk shall terminate this action.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to "issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." R. Governing § 2254 Proceedings 11. Any request for a certificate of appealability and leave to proceed in forma pauperis on appeal

/ / /

/ / /

is denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 6th day of March, 2026.

_____
G. Murray Snow
Senior United States District Judge